**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 28 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| IRENE CHAVEZ-DE-ESTRADA, | No. 14-70645 |
| Petitioner, | Agency No. A092-073-510 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 17, 2017
Pasadena, California

Before: D.W. NELSON, TALLMAN, and N.R. SMITH, Circuit Judges.

Irene Chavez De Estrada ("Chavez De Estrada") petitions for review of the

Board of Immigration Appeals' ("BIA") denial of deferral of removal under the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Convention Against Torture ("CAT").[1]  We have jurisdiction under 8 U.S.C.

§ 1252(a), and we grant in part, deny in part, and remand to the BIA.

Because neither the BIA nor the Immigration Judge ("IJ") made an adverse

credibility finding, we take Chavez De Estrada's factual allegations as true.

*Aguilar-Ramos v. Holder*, 594 F.3d 701, 704 (9th Cir. 2010).  Chavez De Estrada

testified that Jorge Gonzalez ("Officer Gonzalez") – a supervising officer at a

Tijuana police station with whom she worked and had a romantic relationship –

beat, raped, and threatened her on more than one occasion.  We hold that the abuse

Chavez De Estrada suffered at Officer Gonzalez's hands rises to the level of

torture.  *See Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1079 (9th Cir. 2015)

("Rape can constitute torture . . . [as it] is a form of aggression constituting an

egregious violation of humanity." (alterations in original) (citation omitted)); *id.*

(concluding that conduct constituted torture where petitioner "was raped, forced to

perform oral sex, beaten severely, and threatened").

We also hold that the BIA erred in its assessment of whether Chavez De

Estrada failed to satisfy the state action prong of her CAT claim.  *See Avendano-*

[1] The BIA also determined that Chavez De Estrada waived the argument that she is eligible for withholding of removal.  Chavez De Estrada does not appeal that decision. Therefore, she has waived any arguments concerning her withholding of removal claim.

*Hernandez*, 800 F.3d at 1078–79 ("To receive deferral of removal under CAT, [the petitioner] must show that upon her return to Mexico 'she is more likely than not to be tortured,' 8 C.F.R. § 1208.17(a), *either 'by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity,' id.* § 1208.18(a)(1)." (emphasis added)).  Subsequent to the BIA's decision, this Court issued *Barajas-Romero v. Lynch*, 846 F.3d 351 (9th Cir. 2017).  With respect to the CAT's state action requirement, we held that "[t]he statute and regulations do not establish a 'rogue official' exception to CAT relief," and that a public official need not "be carrying out his official duties, so long as he is the actor or knowingly acquiesces in the acts."  *Id.* at 362.

The BIA thus improperly required Chavez De Estrada to establish that Officer Gonzalez, who the BIA acknowledged was a "public employee," was acting in his official capacity when he tortured her.  *See id.* ("Since the officers were apparently off-duty when they tortured Barajas-Romero, they were evidently not acting 'in an official capacity,' but the regulation does not require that the public official be carrying out his official duties . . . .").  Rather, Chavez De Estrada could satisfy the state action requirement by showing only that a public official was "the actor" who inflicted the torture.  *See id.* ("[T]he torture need not

3

be both by a public official and also that the official is acting in his official capacity.").

Accordingly, we grant Chavez De Estrada's petition and vacate the BIA's determination that she failed to satisfy the state action prong of her CAT claim. We remand this case to allow the BIA to apply the correct legal standard under *Barajas-Romero*. *See I.N.S. v. Orlando Ventura*, 537 U.S. 12, 16–17 (2002). On remand, the agency must consider all evidence relevant to the probability of future torture, including evidence of past torture, the possibility of relocation within Mexico, and country conditions evidence. *See* 8 C.F.R. § 1208.16(c)(3); *Barajas-Romero*, 846 F.3d at 361; *Maldonado v. Lynch*, 786 F.3d 1155, 1164 (9th Cir. 2015) (en banc) (holding that, although the applicant carries the "overall burden of proof," 8 C.F.R. § "1208.16(c)(2) does not place a burden on an applicant to demonstrate that relocation within the proposed country of removal is impossible because the IJ must consider all relevant evidence"). We note that, although "no one factor is determinative," *Maldonado*, 786 F.3d at 1164, "country reports are accorded special weight in removal proceedings." *Cole v. Holder*, 659 F.3d 762, 771 (9th Cir. 2011); *Aguilar-Ramos*, 594 F.3d at 705 n.6.

Finally, we reject Chavez De Estrada's argument that the failure to consider Guillermo Perez Perez's ("Perez") declaration violated her due process rights and

4

hold that there was no due process violation. On remand from the BIA, the following exchange occurred between the IJ and Chavez De Estrada's counsel, Robert McKinney:

> MR. MCKINNEY: There isn't new evidence. My only concern, Your Honor, is that your previous decision made reference to [Perez's] testimony, but there is no record of that testimony in the Record of Proceedings.
>
> IJ: So you want a new decision without reference to that witness? Is that what you're asking for, based only on [Chavez De Estrada's] testimony?
>
> MR. MCKINNEY: Yes, Your Honor.

Contrary to Chavez De Estrada's contention, there is no indication that Mr. McKinney misunderstood the IJ's inquiry. Given Mr. McKinney's request that the IJ not base her decision on Perez's testimony, Chavez De Estrada has not shown the proceeding was so fundamentally unfair that she was prevented from reasonably presenting her case. *See Ibarra-Flores v. Gonzales*, 439 F.3d 614, 620 (9th Cir. 2006) ("The BIA's decision will be reversed on due process grounds if (1) the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case, and (2) the alien demonstrates prejudice . . . ." (citation and quotation marks omitted)).

5

In sum, we grant the petition in part and remand to the BIA for reconsideration of Chavez De Estrada's CAT claim in light of *Barajas-Romero*. We deny the petition in part as to the due process violation claim.

The parties shall bear their own costs on appeal.

**GRANTED IN PART, DENIED IN PART, and REMANDED.**